## BERMAN v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. March 20, 1920.)

No. 2730.

**Intoxicating liquors** ⬅236(20)—**Evidence not sufficient to establish offense of interstate transportation.**

Conviction of defendant for violation of the Reed Amendment (Act March 3, 1917, § 5 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 8739a]) by causing liquor to be transported into a prohibition state, *held* not sustained by evidence which failed to show that defendant's agent, who was transporting the liquor, had reached the state line when his vehicle was seized by officers who themselves took it the remainder of the way.

In Error to the District Court of the United States for the District of Indiana.

Criminal prosecution by the United States against Louis G. Berman. Judgment of conviction, and defendant brings error. Reversed and remanded.

Frederic Burnham, of Chicago, Ill., for plaintiff in error.

L. Ert Slack, of Indianapolis, Ind., for the United States.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

ALSCHULER, Circuit Judge. Plaintiff in error Berman and three others were indicted under section 5 of the Act of Congress of March

3, 1917, commonly known as the Reed Amendment, on two counts—the first charging them with causing whisky to be transported from Illinois into Indiana, the laws of the latter state then prohibiting the manufacture and sale in that state of intoxicating liquors; and the second charging the defendants with conspiracy to commit an offense against the United States by causing the whisky to be so transported, setting forth certain overt acts. Berman alone was tried, his code-fendants having pleaded guilty, testifying on the trial as government witnesses. Berman was convicted on the first count and acquitted on the second. Judgment and sentence followed.

There was evidence tending to show that at his wholesale liquor store in South Chicago, Ill., Berman solicited one Zaleski to carry in his (Zaleski's) automobile some kegs of whisky from the store to a party at East Chicago, Ind., and that accordingly Zaleski loaded the kegs of whisky at the store and started toward East Chicago, but while on the road was arrested and taken to the Hammond, Ind., police station where some of the kegs were unloaded, and under direction of the officers the rest was carried to East Chicago. Berman denied any intent of sending the whisky into Indiana, claiming it was intended for and directed to be sent to one of his customers at West Hammond, Ill. There was more or less of corroboration on both sides, and to say the least, the evidence was irreconcilably conflicting.

However, in the state of the record, of the several questions presented we need consider but one, viz. does the record disclose that the actual transporting of the whisky into Indiana was caused by Berman? The entire proof on this subject is afforded by the testimony of Zaleski, who after testifying that Berman told him to take the whisky to East Chicago, and that he loaded it at Berman's store and started with it, said:

"Then I at once go with it to take that whisky to East Chicago. Policeman arrested me on the South Chicago and Hammond boulevard. The policeman took me over to Hammond to the police station. Some of them got in my automobile and went with me to the Hammond police station; they took three of the kegs of whisky out in the police station and the policemen stayed with me and go to East Chicago."

If through misventure the whisky had never got beyond the Indiana state line, the crime of causing the whisky to be transported into Indiana, as alleged in the first count, would not have been committed, notwithstanding that when the transportation began at Berman's store it was his intent that it be transported into Indiana. If before reaching the Indiana line a cyclone had struck the kegs and carried them into that state, the transportation into Indiana would not have been by Berman. Nor would it have been so, had a highwayman seized and carried them there. The result would not be different if before the Indiana line was reached the transporting agent was taken into custody by officers of the law, under whose entire direction and control the whisky was actually taken into Indiana. In such event conviction upon the first count could not stand.

East Chicago, Ind., is about 8 miles east of South Chicago, Ill., and between them lie the contiguous municipalities of West Ham-

mond, Ill., and Hammond, Ind., separated only by the imaginary northerly and southerly state line. From Zaleski's testimony that, as he was driving east on the boulevard connecting South Chicago and Hammond, he was arrested, and "the police took me over to Hammond to the police station," it may well be the fact that he had not reached Hammond when he was arrested. If he had not then reached Hammond, he was not in Indiana.

The government does not dispute that the above indicated result would follow the location of the arrest in Illinois, and its only contention on this subject is that, as Zaleski testified it was a policeman who arrested him and took him to the Hammond police station, the arrest must have been made in Indiana, since a Hammond policeman would have had no authority to have made the arrest in Illinois, and it will not be presumed that the Hammond policeman made an illegal arrest. This is at best an inference which of itself does not constitute proof of an essential element of this statutory crime. Besides, the record discloses that Zaleski was a foreigner, far from adept in the use of English, and it cannot be presumed as a fact that he employed the word "policeman" in its technical sense. It is quite likely that any person who under authority, real or assumed, would arrest him and take him to a police station, would be by him regarded as a policeman, notwithstanding he might have been a federal revenue officer or even a private citizen. Zaleski lived at Indiana Harbor, Ind., which is east of East Chicago, and it does not appear that he knew the persons who arrested him.

If Zaleski had testified he did not know on which side of the state line the arrest was made, and the fact was not otherwise shown, the proof would be wanting to show this element of the crime necessary to sustain conviction on count one. The most that can here be said is that the record fails to disclose whether the arrest was made in Illinois or in Indiana, and in such circumstances we are constrained to hold that it does not show that the transportation of the whisky into Indiana was caused by Berman.

The judgment is reversed, and the cause remanded for a new trial.